**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Marsha O. Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:17-3209-RMG |
| vs. | ) | |
| | ) | |
| Nancy Berryhill, Acting Commissioner | ) | |
| of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the

final decision of the Commissioner of Social Security denying her claim for Disabled Widow's

Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter

was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge

issued a Report and Recommendation ("R & R") on November 16, 2018, recommending that the

Court affirm the decision of the Commissioner. (Dkt. No. 20). Plaintiff filed objections to the R

& R, arguing that the opinions of Plaintiff's treating physician were not given appropriate weight

and that the R & R had other alleged deficiencies, and the Commissioner filed a reply. (Dkt.

Nos. 22, 23). As explained more fully below, the Court concludes that there is not substantial

evidence in the record to support the findings of the Commissioner that Plaintiff retains the

residual functional capacity to perform light work and that jobs exist in significant numbers in

the national economy that Plaintiff can perform. Consequently, the Court reverses the decision

of the Commissioner and remands the matter to the agency with instructions to award benefits.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine

whether the applicant is engaged in substantial gainful work. 20 C.F.R. § 404.1520(a)(4). If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment satisfies one of a designated list of impairments that would automatically render the claimant disabled. Where a claimant has one or more severe impairments but none meet the requirements of the listed impairments, the Commissioner must proceed to Step Four, which involves a determination of the claimant's residual functional capacity ("RFC"). *Id.* The Commissioner then proceeds to Step Five to determine if "work . . . exists in significant numbers either in the region where [the claimant] lives or in several regions of the country" that the claimant can perform in light of her RFC. *Id.* At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to . . . perform work activity that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F. 2d 189, 191 (4th Cir. 1983).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from

objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, the opinions of non-examining sources and state agency medical consultants must be weighed under the same standards of the Treating Physician Rule, including the source's "medical specialty and expertise . . ., the supporting evidence in the case record, supporting explanations . . . and other factors relevant to the weighing of opinions." *Id.* §§ 404.1527(e)(2)(ii).

## Discussion

This matter arises out of an application for Disabled Widow's Benefits by a 50 year old claimant in which there is no dispute that she suffers from multiple severe impairments which have significantly limited her capacity to perform gainful work under the Social Security Act. The Administrative Law Judge ("ALJ") found that due to Plaintiff's severe impairments of

fibromyalgia, obesity, and lumbar degenerative disc disease, she is limited to a reduced range of

light work, the lowest level of functional capacity that would not result in a finding of disability.

Tr. 16. The critical area of difference between the ALJ and Plaintiff's long-serving treating

physician, Dr. Vesna Solheim, concerns Plaintiff's capacity to stand and walk. Dr. Solheim has

opined that Plaintiff "is limited to standing and walking for no more than two hours during an

eight hour work day." Tr. 73, 609. The ALJ found that Plaintiff can perform a reduced range of

light work, which requires the claimant to have the capacity to stand six hours in an eight hour

workday. SSR 83-10, 1983 WL 31251 at *5-6 (1983). A claimant lacking the capacity to stand

six hours in an eight hour workday is limited to sedentary work, which, due to Plaintiff's age,

would render her disabled under Social Security Act regulations. 20 C.F.R. Part 404, Subpart P,

Appendix 2.

A.    The Commissioner's finding that Plaintiff has the capacity to perform
a reduced range of light work is not supported by substantial evidence.

An essential element of light duty is the claimant's capacity to stand or walk at least six

hours in an eight hour day. Despite the critical nature of the issue of Plaintiff's capacity to stand

and walk, the decisions of the ALJ and the Appeals Council provide little attention to the record

evidence on this issue. Indeed, the ALJ's decision fails to even mention the opinion of Dr.

Solheim that Plaintiff was limited to two hours of standing in an eight hour day. Tr. 609. The

Appeals Council attempted to correct this glaring deficiency in the ALJ's decision by noting Dr.

Solheim's opinion, but criticized her for not relying on objective medical evidence and

concluding that "the medical evidence of record reflects mild symptoms . . ." Tr. 194. Without

addressing the specific evidence in the record relating to Plaintiff's capacity to stand and/or walk,

the Appeals Council concluded that Dr. Solheim's opinion was "unsupported by the medical evidence in the record." Tr. 193.

A review of the record evidence contains, however, significant findings and documentation on Plaintiff's limited capacity to stand and walk for any sustained period, including the following:

1.      Reports by Dr. Elizabeth Snoderly, a treating board certified pain specialist, documented that Plaintiff suffered from severe back pain that "is exacerbated with increased activity such as walking . . ." and limits her in performing "normal daily activities because of the pain that is limiting her." Tr. 441. Dr. Snoderly further reported that a MRI of the lumbar spine demonstrated the presence of "moderate to severe spinal stenosis" with disc protrusion and bilateral lumbar radiculopathy. Tr. 432, 435-36. Dr. Snoderly stated in her office record of August 13, 2014 that Plaintiff "really does need to have a surgical evaluation, but she does not have any insurance right now." Tr. 455.

2.      Dr. Solheim's office note of May 6, 2015 documented Plaintiff had back pain with limited range of motion and "difficulty walking." 580.

3.      An examination by a consulting physician, Dr. David Moon, documented that Plaintiff "can walk 50 yards and the low back starts to hurt and give out" and her legs hurt if she stands longer than one hour. Tr. 379. Dr. Moon diagnosed Plaintiff with "generalized pain syndrome with weakness" and demonstrated narrowing of L4-5 and L5-S1 on plain x-rays. Tr. 381.

4.    Testimony of Plaintiff at the administrative hearing, where she testified

that her back pain "has gotten really, really bad" and she can walk only

ten to fifteen minutes before she must sit down. Tr. 83. She noted that

she spent a substantial part of the day sitting in a recliner with her legs

elevated but that her pain "really never goes away." Tr. 86, 91.

The only contrary evidence in the record regarding Plaintiff's capacity to stand or walk

longer than two hours in an eight hour day was provided by two chart-reviewing physicians for

the Social Security Administration who had not examined Plaintiff, Dr. Hugh Wilson and Dr.

Katrina Doig. 107-09, 124-26. Although Dr. Wilson, in a brief chart summary dated April 7,

2014, noted that Plaintiff experienced leg pain if she stood more than an hour and had "much

pain" after she walked for fifteen minutes, he concluded that Plaintiff had the capacity to stand

six hours in an eight hour workday without providing any support for this conclusion. Tr. 107-

09. Dr. Doig, in a chart summary dated August 5, 2014, noted Plaintiff's history of positive

straight raises on the right, bilateral lumbar radiculopathy, and lumbar facet joint syndrome, but

also found Plaintiff had the capacity to stand six hours in an eight hour workday without any

supporting documentation. Tr. 124, 126.[1] The Court notes that these chart reviews were

performed before Dr. Solheim provided her opinion that Plaintiff had the capacity to stand or

walk only two hours per eight hour workday. Consequently, these chart reviewers did not have

---

[1] Rather than addressing the evidence related to Plaintiff's limited capacity to stand or walk, the ALJ and the Appeals Council focused on Plaintiff's capacity to care for and lift her grandchild. Tr. 5, 20. While a claimant's capacity to lift ten pounds regularly and twenty pounds occasionally is a requirement for light duty, there is no dispute that Plaintiff can meet that portion of the light duty standard. Tr. 608. However, the ability to meet the lifting standards for light duty is not a substitute for the requirement that a claimant must also be able to stand or walk six hours in an eight hour day to meet the standards for light duty.

the opportunity to weigh this critical piece of information from Plaintiff's treating physician prior to opining that she could stand or walk six hours in an eight hour workday.

In light of the record evidence, which includes (1) the findings of two treating physicians and a consulting expert documenting severe limitations on Plaintiff's capacity to stand and walk for any sustained period, (2) the abnormal results of a MRI of the lumbar spine, (3) the sworn testimony of the claimant describing her severe back pain and its limiting effects on her capacity to stand and walk, and (4) two opinions by non-examining and non-treating physicians that Plaintiff can stand six hours in an eight hour day without any supporting documentation or reference to the medical record, the Court finds that there is not substantial evidence to support the finding of the Commissioner that Plaintiff has the capacity to perform light work. Since the record establishes only the capacity of Plaintiff to perform sedentary work and such a limitation renders her disabled under Social Security Act regulations, Plaintiff is entitled to a finding of disability as a matter of law. 20 C.F.R. § 404, Subpart P, Appendix 2.

**B.** **There is not substantial evidence in the record to support the finding of the Commissioner that jobs exist in significant numbers in the national economy that Plaintiff can perform.**

To carry the Commissioner's burden of demonstrating the existence of jobs in significant numbers that Plaintiff could perform, a vocational expert testified at the administrative hearing and identified various jobs involving light work that Plaintiff could perform. Tr. 92-93. The vocational expert acknowledged, however, on cross examination that if Plaintiff was limited to standing no more than two hours per workday that Plaintiff would be unable to perform the jobs which he had identified. Tr. 98. Since there is not substantial evidence in the record to support the finding of the Commissioner that Plaintiff has the capacity to perform the mandatory standing

and walking requirements for light work, the Commissioner has plainly failed to carry her burden

of demonstrating that there exist jobs in sufficient numbers in the national economy that Plaintiff

can perform. This provides a second and independent basis for a finding of disability under the

Social Security Act.

## Remedy

This Court's general practice is to remand decisions to the Commissioner for further

administrative action, but it is well settled that the District Court has the authority to award

benefits. 42 U.S.C. § 405(g). An award of benefits by the District Court is appropriate where the

record is fully developed and it is clear the Commissioner would be required to award benefits on

remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanari*, 246

F.3d 1195, 1210 (9th Cir. 2001); *Williams v. Comm'r of Soc. Sec.*, 104 F. Supp. 2d 719, 721

(E.D. Mich. 2000). This is particularly true where there has been a significant lapse of time in

the administrative processing of the claim. *Holohan*, 246 F.3d at 1210; *Podedworny v. Harris*,

745 F.2d 210, 223 (3rd Cir. 1984).

In this matter before the Court, there is not substantial evidence in the record to support

the Commissioner's findings that Plaintiff can perform light work or that there exists significant

jobs in the national economy which Plaintiff can perform. Consequently, Plaintiff is entitled to a

finding of disability as a matter of law on two separate and independent grounds, making further

administrative processing unnecessary. Further, this claim was filed more than five years ago

and further delay in the award of benefits which Plaintiff is plainly entitled would be unjust and

unjustified under the Social Security Act. The proper remedy is a reversal of the Commissioner

decision with a remand to the agency with instructions to award benefits from Plaintiff's onset

date of May 15, 2013.

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner

pursuant to Sentence Four of 42 U.S.C. § 405(g) and remands the matter to the agency with

instructions to award benefits from the onset date of May 15, 2013.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge


December 27, 2018
Charleston, South Carolina